JNO. F. SPENCE and GEO. W. ROSS v. JOHN B. SMITH and WM. E. SMITH.

*Contract—Assignment—Purchaser.*

S. and M. entered into a contract whereby the latter sold and conveyed to the former the right to make and vend a patented article within certain prescribed territory, with a provision that if S., after using due diligence failed to realize therefrom a certain sum by the time the notes given for the purchase money became due,

the contract should be void, and thereupon S. executed the notes, which, before maturity. M. assigned to the plaintiffs without endorsement; *Held*, that the assignees took the notes subject to the contract, and all equities arising therefrom.

This is a CIVIL ACTION, which was tried before *Connor, J.,* at Spring Term, 1886, of GUILFORD Superior Court.

The defendants executed to W. H. McDaniel their two single bonds, each for $65, dated the 10th day of August, 1882—one of them to come due nine months, and the other twelve months from the date thereof. The plaintiffs became the owners of these bonds without endorsement thereof. They were executed in connection with and as part of an agreement in writing under seal, between the said McDaniel and the defendant, John B. Smith, (the other defendant was surety to the bonds) whereby the said Smith purchased a *patent right bee hive,* and agreed to make and sell such bee hive within a specified territory, and, among other things, the parties mutually covenanted as follows : "And it is agreed that the party of the second part (the defendant, John B. Smith) is to use due diligence in the manufacture and sale of said bee hive, with the right of use for the same, and the county for the same, and on failure to make one hundred and ninety-five dollars by the sale of said patent by the time said notes become due this contract is null and void. And the deed of said territory, with all other papers, with what has been made by selling said patent, are to be delivered to the party of the first part, and said notes or one hundred and ninety-five dollars in cash shall be delivered to the party of the second part."

This action was begun by the plaintiff in the court of a Justice of the Peace to recover from the defendant the money alleged to be due upon the two single bonds above mentioned. In the Superior Court formal pleadings were filed. The defendants in their answer, admitted the execution of the bonds; alleged the agreement mentioned; that

the defendant John, had in all things on his part faithfully observed and performed its provision and requirements; that he had made diligent effort to sell the patent right, &c., &c., and the said McDaniel and the plaintiffs, his assignees, had not, &c., &c.

The issue, of which the following is a copy, was submitted to the jury, to which they responded as indicated at the end thereof: "Did the defendant use due diligence, under the contract, in the manufacture and sale of the bee hives and the patent therefor?" Answer. Yes.

To sustain the issue the defendants introduced the defendant, John B. Smith, as a witness on his own behalf, who testified as follows:

"I signed the notes; this contract was made at the time the notes were given as a part of this contract; the members of the firm of McDaniel & Co. were all present, and Cartland, one of the firm, and the secretary, signed the contract in their presence.

"I did not go to Amherst County, Virginia. I did not go because McDaniel told me I need not go. I went to Rockingham County and Guilford and tried to sell. These counties had not been sold. He (McDaniel) said to sell in territory that was not sold, and if I could not make the money to return the papers. It was about one and a half or two months after the contract before I came here to commence work. I went to Rockingham County and was there a week, and I made no sales. I told Mr. McDaniel that I could not sell, and he said go and try again. I went, and when I came back he was gone. I have not seen him since. I saw Cartland; he said McDaniel had taken the notes off and sold them. I made no bee hives. I had three bee hives. I had one in Rockingham. I bought them. Had one at my father's; one in the upper end of Guilford. I took one with me to Rockingham. I brought it back. I carried it to Reidsville and other places to show."

W. E. Smith testified that he signed the notes as surety for his son, and was present when the contract was signed. John B. Smith went from home and was gone, as he said, for the purpose of selling the hives and patent.

The foregoing testimony of John B. Smith and William E. Smith, and the contract attached to the answer signed by the parties, was all the evidence offered, the plaintiffs having offered no evidence except the notes themselves.

Plaintiffs, by way of demurrer to the evidence, insisted that taking all the evidence offered and put in by the defendants to be true, and plaintiffs admitted that it was all true, that as a matter of law the defendants had not used due diligence in the manufacture and sale of the Bee Hives and in the sale of the patent, and that his Honor should so instruct the jury, and direct them to return their verdict in the negative to the issue.

This his Honor refused, and plaintiffs excepted.

His Honor then instructed the jury that it was for them to decide from all the evidence and facts in the case whether the defendant had used due diligence. Plaintiffs excepted."

Judgment was given for defendant, and plaintiffs appealed.

*Mr. F. W. Whitaker (Mr. L. M. Scott, filed a brief), for the* plaintiffs.

No counsel for the defendant.

MERRIMON, J., (after stating the case). The plaintiffs took the bonds sued upon without endorsement before they matured, and hence they hold them subject to the rights of the defendants, under the agreement mentioned, on which they rely, and such equities as they may have in respect to the bonds.

The plaintiffs having on the trial admitted the evidence to be true, it may be granted that the Court should have instructed the jury that the principal defendant had or had

not exercised " due diligence in the manufacture and sale of bee hives," &c., accordingly as it may have been of opinion one way or the other, but any error in this respect was cured by the verdict of the jury to the effect, that he had exercised such diligence. Fairly interpreting the evidence, this defendant was reasonably, and therefore duly, diligent. He prepared himself with three specimen bee hives for exhibition in his efforts to make sales. He made such efforts in two counties. In one of these counties he did so for the time of a week—had with him a specimen hive—exhibited it at several places—failed to make sales at all, and reported this fact to McDaniel, who instructed him to " try again." He did so without success, and when he returned McDaniel " was gone," and he learned from one of his firm that " he had taken the notes off and sold them." We think that such effort to make sales, accompanied with such discouragement, was due diligence as contemplated by the agreement. It would have been worse than idle for the defendant to manufacture "bee hives" when he could not sell them. Surely he was not expected to make fruitless efforts indefinitely. *Spence* v. *Clapp,* 95 N. C., 545.

The evidence showed that active, diligent effort was made by the defendant. If the appellants intended to insist, as it seems they did, that the detail of such effort would show the contrary, then they should have cross-examined the defendant when he was examined on the trial in his own behalf, and they might have produced other evidence to the contrary, if they could.

Taking the evidence as produced, and the just inferences that might justly be made from it, there was due diligence.

Judgment affirmed.